JOURNAL ENTRY AND OPINION.
{¶ 1} Tommy Summers, requests that this court compel Judge Shirley Strickland Saffold to enter judgment on his motion for jail time credit in State v. Summers, Cuyahoga County Court of Common Pleas Case No. CR-423345 filed on August 14, 2002.
 {¶ 2} No response has been filed to the complaint. For the reasons stated below, we grant relief in procedendo sua sponte.
 {¶ 3} A review of the docket in Case No. CR-423345 reflects that, although the judge has granted Summers' motion and stated "sheriff to calculate," she has yet to indicate the number of days of jail time credit.
"A] trial court possesses a clear legal duty to specify in the recordof conviction and sentence the number of days a person was confined priorto conviction and sentence. State ex rel. Johnson v. O'Donnell (Oct. 4,1994), Cuyahoga App. No. 67783, unreported; State ex rel. Andrews v.Corrigan (Oct. 11, 1991), Cuyahoga App. No. 62253, unreported."
 "In the case sub judice, mandamus lies since the relator is entitled toa credit for any incarceration that occurred prior to conviction andsentence, the trial court possesses a clear legal duty to calculate andstate in a journal entry the number of days the relator was incarceratedprior to conviction and sentence, and the relator possess[es] no plain andadequate remedy at law. In addition, a statement or letter issued by theCuyahoga County Sheriff, which states the number of days ofpre-conviction jail time credit, does not discharge the respondent's dutyto specify the amount of pre-conviction jail time credit in a journalentry. Cf. State ex rel. Wright v. Court of Common Pleas (Nov. 6, 1995),Cuyahoga App. No. 69200, unreported; State ex rel. Goolsby v. Cleary(Aug. 14, 1995), Cuyahoga App. No. 69119, unreported; State ex rel.Spruce v. Cleary (Aug. 17, 1995), Cuyahoga App. No. 69047, unreported."[1]
Likewise, in this case, the judge has not discharged her duty to specify the number of days jail time credit and relief in procedendo is appropriate.
 {¶ 4} Accordingly, we grant the request for relief in procedendo. Within 14 days of the date of this entry, the judge is ordered to issue a journal entry that specifies the number of days Summers was incarcerated prior to conviction and sentencing in Case No. CR-423345. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ allowed.
JUDGE ANN DYKE, J., and SEAN C. GALLAGHER, J., concur.
[1] State ex rel. Ezell v. Corrigan (Oct. 7, 1999), Cuyahoga App. No. 76722, at 2-3.